UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHAEL R. ALLEN,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-396

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court on Plaintiff's Statement of Errors (doc. 15), the Commissioner's memorandum in opposition (doc. 18), Plaintiff's reply (doc. 19), the administrative record (doc. 8),[1] and the record as a whole.

## I.

### A. Procedural History

Plaintiff filed an application for SSI on May 15, 2014.[2] PageID 60. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, residual pain from

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

[2] Plaintiff initially filed for SSI on December 12, 2011. PageID 115. After a denial of his initial application, Plaintiff received a hearing before ALJ Irma Flottman on September 19, 2013. *Id*. The ALJ issued a written decision on December 13, 2013 finding Plaintiff not disabled. *Id*. at 115-23. Thereafter, the Appeals Council denied Plaintiff's request for review. PageID 128-130. Plaintiff subsequently filed an application for SSI on May 15, 2014, which is at issue in this appeal.

thoracic fractures, lumbar fractures, and a laminectomy, as well as depression and anxiety. PageID 62.

After an initial denial of his application, Plaintiff received a hearing before ALJ Mark Hockensmith on January 16, 2018. PageID 83-110. The ALJ issued a written decision on March 13, 2018 finding Plaintiff not disabled. PageID 60-77. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 64-77.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 46-48; *see Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

### B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 60-77), Plaintiff's Statement of Errors (PageID 1375-93), the Commissioner's memorandum in opposition (PageID 1397-1417), and Plaintiff's reply (PageID 1418-22). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the

---

[3] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or…sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 416.967(b). Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 416.967(a).

correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the

ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff argues that the ALJ erred in: (1) evaluating the medical source opinions of record; and (2) determining his RFC. PageID 1383-92. Finding error in the ALJ's weighing of the opinion of treater Scott Shaw, M.D., the Court does not address the ALJ's evaluation of the other medical source opinions of record,[4] and instead, directs that such evidence, and Plaintiff's RFC, be addressed by the ALJ on remand.[5]

---

[4] Plaintiff also alleges error in the ALJ's weighing of the opinion offered by examiner Donald Kramer, Ph.D. The ALJ's analysis of treater Dr. Shaw's medical opinion is dispositive of this appeal.

[5] The Commissioner correctly asserts ALJ Hockensmith's identification of Plaintiff's additional impairments complies with the requirement for ALJs to take a "fresh look" at new evidence in connection with a subsequent application for SSI. *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 931-33 (6th Cir. 2018). Though the court acknowledges the Commissioner's compliance with *Earley*, the Court must still conduct a separate inquiry to determine if substantial evidence supports the ALJ's findings. *See Parrish v. Comm'r of Soc. Sec.*, No. 3:17-CV-411, 2019 WL 1465387, at *6 (S.D. Ohio Apr. 3, 2019), *report and recommendation adopted*, No. 3:17-CV-411, 2019 WL 4667730 (S.D. Ohio Sept. 25, 2019). As detailed *infra*, the Court finds ALJ's non-disability finding unsupported by substantial evidence.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-CV-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.927(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 416.927(c).[6]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

---

[6] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-CV-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 416.927. *Id*.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 416.927(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

The issue of treating physicians, and the appropriate deference due to a treater by an ALJ, is a matter this Court has addressed on many recent occasions. To that end, the undersigned has repeatedly recommended for, or ordered, the reversal of ALJ findings under Sentence Four when the treating physician rule was not followed by the ALJ. *See, e.g., Bowermaster v. Commissioner of Soc. Sec.,* 395 F. Supp. 3d 955, 961-63 (S.D. Ohio 2019); *Roden v. Commissioner of Soc. Sec.,* 389 F. Supp. 3d 548, 553-56 (S.D. Ohio 2019); *Paloncy v. Commissioner of Soc. Sec.,* No. 3:18-CV-298, 2019 WL 4315779, at *4-6 (S.D. Ohio Sept. 12, 2019); *Miller v. Commissioner of Soc. Sec.,* No. 3:18-CV-281, 2019 WL 4253867, at *4-6 (S.D. Ohio Sept. 9, 2019); *Baker v. Commissioner of Soc. Sec.,* No. 3:18-CV-269, 2019 WL 4199749, at *4-5 (S.D. Ohio Sept. 5, 2019); *Massie v. Commissioner of Soc. Sec.,* No. 3:18-CV-190, 2019 WL 4071719, at *4-6 (S.D. Ohio Aug. 29, 2019); *Hale v. Commissioner of Soc. Sec.,* No. 3:18-CV-238, 2019 WL 3561778, at *5-7 (S.D. Ohio Aug. 6, 2019).

Such is the case here. In this instance, the ALJ erred by failing to specifically mention the applicable concept of controlling weight, analyze the controlling weight factors, or discuss the

§ 416.927(c) factors. *See* Page ID 60-77. As the undersigned has repeatedly noted, such a failure is reversible error because it "deprives the Court of the opportunity to meaningfully review whether [the ALJ] undertook the 'two-step inquiry' required when analyzing treating source opinions." *Marks v. Colvin*, 201 F. Supp. 3d 870, 882 (S.D. Ohio 2016). *See also Hatton v. Comm'r of Soc. Sec.*, No. 3:18-CV-008, 2018 WL 4766963, at *4 (S.D. Ohio Oct. 3, 2018), *report and recommendation adopted*, No. 3:18-CV-008, 2018 WL 5084758 (S.D. Ohio Oct. 18, 2018); *Reese v. Comm'r of Soc. Sec.,* No. 3:17-CV-283, 2018 WL 2381896, at *3 (S.D. Ohio May 25, 2018).

Additional reversible error occurred here when the ALJ -- in violation of 20 C.F.R. § 416.927(c) -- applied more rigorous scrutiny to the opinion of the treating physician than the non-treaters. *Accord Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 379 (6th Cir. 2013). As the Sixth Circuit made clear in *Gayheart:* "[T]he regulations do not allow the application of greater scrutiny to a treating-source opinion as a means to justify giving such an opinion little weight[,]" and "[i]ndeed, they call for just the opposite." *Id.* at 80.

The ALJ also committed reversible error when he relied on Plaintiff's GAF scores to discredit the opinions of Drs. Shaw and Kramer. Page ID 71-75. A GAF score is merely a "snapshot of a person's 'overall psychological functioning' at or near the time of evaluation[,]" and its relevance "is isolated to a relatively brief period of time[.]" *White v. Colvin*, No. 3:13-CV-171, 2014 WL 2813310, at *10 (S.D. Ohio June 23, 2014). In fact, courts have concluded that GAF scores have "little value in assessing disability." *Allen v. Comm'r of Soc. Sec.*, No. 2:09-CV-265, 2010 WL 1142031, at *10 (E.D. Va. Feb. 24, 2010) (citing *DeBoard v. Comm'r of Soc. Sec.*, 211 F. App'x. 411, 415 (6th Cir. 2006); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002)). Thus, any GAF assessment would have minimal probative value in determining Plaintiff's disability or in discrediting a specific medical opinion about Plaintiff's limitations. *See*

*Mosley v. Comm'r of Soc. Sec.*, No. 3:14-CV-278, 2015 WL 6857852, at *5 (S.D. Ohio Sept. 14, 2015).

In light of all the foregoing, the undersigned finds the ALJ's non-disability finding unsupported by substantial evidence and meriting reversal.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and a remand for further proceedings is necessary.

## V.

For the foregoing reasons, (1) the Commissioner's non-disability finding is found unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for further proceedings; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:  March 17, 2020                           /s/Michael J. Newman
                                                Michael J. Newman
                                                United States Magistrate Judge